IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KIESHA D. LEWIS,** | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-22-2097 |
| **UNITED STATES OF AMERICA,** *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Plaintiff Kiesha D. Lewis, who is self-represented, filed this lawsuit against the United States of America and the Internal Revenue Service (collectively "the IRS"), alleging that the IRS violated 26 U.S.C. § 6103 by inspecting or disclosing her tax return information. ECF 1. The IRS filed a motion to dismiss, which is now fully briefed. ECF 9, 11, 12. No hearing is necessary to resolve the motion. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, the motion to dismiss will be granted.

**I.  Factual Background**

The following facts are derived from Plaintiff's Complaint and the exhibits attached thereto. Plaintiff has filed "several complaints" against the IRS since 2016, which she believes has led to a "coordinated retaliation effort" against her. ECF 1 at 9-10.[1] Plaintiff applied to the IRS "Fresh Start" program in September 2019. *Id.* at 10. Despite her application, the IRS sent her an "Intent to Levy letter" on November 5, 2019. *Id.* Plaintiff's "Tax Audit Trail," a spreadsheet

---

[1] With respect to Plaintiff's Complaint, the page references refer to the page number in the ECF header at the top of each page.

attached to her Complaint as Exhibit B, reflects numerous "IRS-initiated actions" against her account in 2018-2021.[2] *Id.* The IRS failed to act on her Fresh Start application. *Id.*

In a three-year time period, there were over 700 "IRS-initiated entries" on Plaintiff's tax account. *Id.* at 11; Exh. B. Her 2019 tax returns were improperly classified as "delinquent" in 2021, despite the fact that they had been filed in October, 2020, before Plaintiff's extended filing deadline had expired. *Id.* at 12. She made four $100.00 payments on her tax account in 2021, but the IRS credited one as only $90.00. *Id.* at 13.

Plaintiff's Complaint also attaches an "ACSWeb Print Report," which in Plaintiff's view contains errors. *Id.* at 13; Exh. D. In February, 2022, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the IRS seeking records relating to her 2018 ACSWeb Print Transcript. *Id.* at 13-14 The IRS asserted that it had located no records. *Id.* ¶ 14. Plaintiff alleges that the IRS failed to provide her with those records because they could shed light on a possible violation of Title 26. *Id.*

Finally, on June 16, 2022, Plaintiff received a proposal from the IRS to alter her 2020 tax returns to claim a debt that was already claimed in a prior tax year. *Id.*

## II.     Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g., In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

---

[2] The spreadsheet does not indicate, and Plaintiff does not allege, the nature of each of these "actions" or the identity of the IRS employee who engaged in them.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quotations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court

erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   Analysis

The statutes Plaintiff relies upon to bring her claim, sections 6103 and 7431 of the Internal Revenue Code, "generally provide that it is unlawful for a federal official to inspect and/or disclose a taxpayer's tax return absent authorization." *Nat'l Org. for Marriage, Inc. v. United States*, 24 F. Supp. 3d 518, 523 (E.D.Va. 2014). Specifically, § 6103(a) provides that "no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section." Under § 6103(h)(1), inspection of tax information is permitted when an IRS employee has a "need to know" for the purpose of performing a tax administration function. "Tax administration" includes "the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws." 26 U.S.C. § 6103(b)(4)(A)(i). Congress created a private right of action for taxpayers whose tax information is wrongfully inspected or disclosed, codified as 26 U.S.C. § 7431.

To plead a viable § 7431 action, a plaintiff must allege (1) an unauthorized disclosure or inspection; (2) made either negligently or with knowledge; and (3) in violation of § 6103. *See Flippo v. United States*, 670 F. Supp. 638, 641 (W.D.N.C. 1987), *aff'd,* 849 F.2d 604 (4th Cir. 1988) (per curiam); *see also Singh v. New York State Dept. of Taxation and Finance*, Civ. No. 06-CV-00299C(F), 2011 WL 3273465, at *27 (W.D.N.Y. July 28, 2011) (citing *Weiner v. Internal Revenue Service*, 789 F. Supp. 655, 656 (S.D.N.Y. 1992)). The Plaintiff must therefore "plead the circumstances surrounding the alleged unlawful disclosure, including the tax information or returns disclosed, and when and to whom the alleged disclosures were made." *Id*.; *see also*

*McKenzie-El v. Internal Revenue Service*, Civ. No. ELH-19-1956, 2020 WL 902546, at *13 (D. Md. Feb. 24, 2020) (dismissing § 7341 claim where complaint was "bereft of any factual allegations pertaining to improper disclosure of confidential tax information" and declining to allow plaintiff to speculate based on allegations of an unlawful garnishment or levy); *Cryer v. United States*, 554 F. Supp. 2d 642, 644-45 (dismissing § 7431 claim because conclusory allegations of disclosure did not include any detail or supporting facts); *Chapin v. Hutton*, Civ. No. 98-0137-N-EJL, 1999 WL 550237, at *8 (D. Idaho June 22, 1999) (recommendation that § 7431 claims be dismissed because vague and conclusory assertions of disclosure to unauthorized persons did not suffice to plead a plausible claim).

      Plaintiff's Complaint is similar in its lack of detail and unadorned attempt to infer § 6103 violations from conduct Plaintiff believes to constitute unlawful tax actions. Essentially, Plaintiff has spreadsheets and documentation showing that unidentified IRS employees accessed or inspected her tax information at various points in time. The legitimate need for IRS employees to access a taxpayer's information periodically, particularly when that taxpayer has unpaid tax obligations and ongoing disputes with the agency, is self-evident. Plaintiff alleges no facts, other than pure speculation, to make plausible a claim that any of the accesses to her information occurred for some illegitimate purpose. Instead, she blends her myriad grievances against the agency (such as its failure to approve her for the Fresh Start program, its failure to provide adequate FOIA responses, its proposal to amend her 2020 tax return, or its alleged improper accounting of her payments) into her Complaint, but none of those grievances constitutes a § 6103 violation. Sections 6103 and 7431 are not vehicles to import other types of claims. Finally, Plaintiff's suggestion that improper access can be inferred from the "more than 700" inquiries mischaracterizes the exhibit, which reflects a series of clusters of inquiries by individual IRS

employees on specific dates. For example, on April 10, 2021, a single IRS employee made the inquiries listed at numbers 151-261 on the spreadsheet, representing 111 of the more than 700 entries. ECF 1-2 at 4-6. The number of inquiries itself, then, does not plausibly suggest improper conduct, particularly in light of Plaintiff's admitted ongoing disputes with the agency.

In sum, Plaintiff's conclusory and speculative allegations, which lack any details of impermissible inspection or disclosure, are insufficient to state a claim. *See Dean v. United States*, Civ. No. 09-3085 (MCL), 2010 WL 1257792, at *4 (D.N.J. Mar. 29, 2010) ("[M]ere allegations of a[n unauthorized] disclosure are insufficient to support a cause of action." (quotation omitted)).

Finally, §§ 7431 and 6103 create a very narrow waiver of sovereign immunity, authorizing suit against the IRS only in particular circumstances of unlawful inspection or disclosure of tax information. Because Plaintiff has failed to allege any facts suggesting those specific violations, the doctrine of sovereign immunity bars her claims against the IRS in their entirety. *See Welborn v. Internal Revenue Service,* 218 F. Supp. 3d 64, 84-85 (D.D.C. 2016) (finding that sovereign immunity bars any claims other than the "specific cause of action for individuals harmed by improper disclosures by the IRS").

### IV.  Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 9, is granted and this case will be closed. A separate Order follows.

Dated: February 28, 2023               /s/
                                       Stephanie A. Gallagher
                                       United States District Judge